COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-176-CR

 

 

ROBERT WYMAN PARR                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On
August 14, 2007, pursuant to a plea bargain, Appellant Robert Wyman Parr pled
guilty to indecency with a child,[2]
a second-degree felony.  The trial court
placed Appellant on ten years=
deferred adjudication community supervision and imposed a $1,500 fine.  Less than fourteen months later, the State
filed a motion to adjudicate guilt, alleging that Appellant had violated the
terms and conditions of his community supervision in various ways, including by
committing a new offenseCDWI (Paragraph C) and by failing
to abstain from the use of alcohol (Paragraph E).  Appellant pled true to these two paragraphs
but not true to the remaining paragraphs. 
After the hearing, the trial court found that Appellant had violated the
terms and conditions of his community supervision in various ways, including by
committing a new offenseCDWI and by failing to abstain
from the use of alcohol. The trial court adjudicated Appellant=s guilt
and sentenced him to twelve years=
confinement. 








Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, this appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[3]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.[4]  Appellant has also filed a pro se response to
the Anders brief.  The State has
not filed a brief. 

Once an
appellant=s court-appointed counsel files
a motion to withdraw on the ground that the appeal is frivolous and fulfills
the requirements of Anders, we are obligated to undertake an independent
examination of the record to see if there is any arguable ground that may be
raised on his behalf.[5]  Only then may we grant counsel=s motion
to withdraw.[6]

We have
carefully reviewed the record, counsel=s brief,
and Appellant=s response.  We agree with counsel that the appeal is
wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeal.[7]  Consequently, we grant the motion to withdraw
and affirm the trial court=s
judgment.

PER
CURIAM

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 28, 2010











[1]See Tex. R. App. P. 47.4.





[2]As Appellant points out
in his pro se response to the Anders brief, the order of deferred
adjudication indicates that the complainant was sixteen years old; the final
judgment indicates that the complainant was fourteen years old.  But the offense of indecency with a child
occurs to complainants who are  Ayounger than 17 years of
age.@ Tex. Penal Code Ann. ' 21.11(a) (Vernon
Supp. 2009).  Consequently, the
discrepancies regarding the complainant=s age are irrelevant to the resolution of this
appeal.  Nothing in the record indicates
that Appellant has requested a judgment nunc pro tunc from the trial court.





[3]386 U.S. 738, 87 S. Ct.
1396 (1967). 





[4]See Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no
pet.).





[5]See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.





[6]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).





[7]See Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).